**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DUC PHUOC DOAN,

                Petitioner,

    vs.

TODD BLANCHE,[1] *et al.*,

                Respondents.

Case No.: 2:26-cv-00473-GMN-BNW

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Pending before the Court is Petitioner Duc Phuoc Doan's Amended Petition for Habeas Corpus Relief under 28 U.S.C. § 2241, (ECF No. 9). Also pending before the Court is Petitioner's Motion for Temporary Restraining Order ("TRO"), (ECF No. 11). Federal Respondents Pamela Bondi, Kristi Noem, Todd Lyons, Michael Bernacke, and Kerri Ann Quihuis[2] filed Responses, (ECF Nos. 14, 15).[3] Respondent John Mattos also filed a Response to both motions, (ECF No. 13). Petitioner replied, (ECF No. 16). For the reasons discussed below, the Court GRANTS the Amended Petition.[4]

## I.   BACKGROUND

Petitioner was born in Vietnam. (Am. Pet. 4:11, ECF No. 9). In 1983, when Petitioner was 13 years old, he, his father, and his younger sister fled the country by boat. (*Id.* 4:11–12). The family first traveled through Malaysia, then the Philippines, and finally arrived in San

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Acting U.S. Attorney General Todd Blanche is substituted for the currently named Pamela Bondi, and Secretary of Homeland Security Markwayne Mullin is substituted or currently named Kristi Noem. The Clerk of Court is kindly directed to update the docket to reflect these substitutions.

[2] The docket does not currently list Defendant Kerri Ann Quihuis, who was added as a Defendant in the Amended Petition, (ECF No. 9). The Clerk of Court is kindly directed to update the docket to include Kerri Ann Quihuis as a Defendant.

[3] The Court DENIES Petitioner's Motion for TRO as moot because the Court addresses the requested relief in its resolution of the Amended Petition.

Francisco, California. (*Id.* 4:12–14).  Ultimately, Petitioner settled down in Memphis, Tennessee, where he has resided since. (*Id.* 4:14–16).

In 1987, Petitioner was convicted of a crime, sentenced to 10 years' imprisonment, and paroled in 1991 after serving 3.5 years. (*Id.* 4:16–18).  After Petitioner was released on parole, ICE took him into custody. (*Id.* 4:19–20).  On May 21, 1991, an immigration judge ("IJ") ordered that Petitioner be deported. (*Id.* 4:20–21).  ICE could not deport Petitioner to Vietnam because it was unable to obtain travel documents. (*Id.* 4:21–22).  Petitioner asserts that one of the reasons why Petitioner was unable to be removed is because Vietnam refused to repatriate its citizens if they had left the country before 1995. (*Id.* 4:22–24).  ICE also requested that Malaysia and the Philippines accept Petitioner, but both countries refused. (*Id.* 4:24–5:1). Petitioner remained in ICE custody for approximately seven years before he was released in 1998 under an order of supervision. (*Id.* 5:1–3).

In early January 2026, Petitioner came to Las Vegas on vacation. (*Id.* 5:15–16).  On January 5, 2026, when he went to the airport to return home, Petitioner was arrested by ICE and taken back into ICE custody where he has remained since. (*Id.* 5:16–17).

## II.    LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3).  A district court's habeas jurisdiction includes challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

## III.   DISCUSSION

Petitioner argues that he is entitled to habeas relief on five grounds: (1) the continued indefinite detention of Petitioner violates his Fifth Amendment right to due process because his removal is not reasonably foreseeable; (2) Petitioner's continued detention violates the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1231(a)(6); (3) ICE's failure to comply with its own regulations concerning re-detention of individuals on orders of supervision violates Petitioner's Fifth Amendment due process rights and the Administrative Procedure Act ("APA"); (4) ICE's current policy and procedures relating to third-country removals violate the APA; and (5) Petitioner's detention in immigration custody under recent ICE policy regarding third country removal violates his Fifth Amendment due process rights.  The Court considers each ground for relief in turn.[5]

### A.   *Zadvydas* Claim (Grounds 1 and 2)

Under the Due Process Clause of the Fifth Amendment to the United States Constitution, no person shall be "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V.  The Supreme Court has held that "the Due Process Clause protects [a noncitizen] subject to a final order of deportation." *Zadvydas*, 533 U.S. at 693–94. In *Zadvydas*, the Supreme Court held that the INA does not authorize "indefinite, perhaps permanent, detention" of noncitizens subject to final orders of removal. *Id.* at 699.

The authority of ICE to detain noncitizens under federal law derives from 8 U.S.C § 1231, which directs the Attorney General of the United States to affect the removal of any noncitizen from this country within 90 days of a final order of removal. 8 U. S. C. § 1231(a)(1). The removal period begins on the latest of three dates: (1) the date the order of removal

---

[5] Federal Respondents argue that this Court lacks jurisdiction under 8 U.S.C. § 1252(g) and (b)(9) to consider Petitioner's habeas petition.  For the same reasons explained in *Hernandez-Luna v. Noem*, No. 2:25-CV-01818-GMN-EJY, 2025 WL 3102039, at *2 (D. Nev. Nov. 6, 2025) and ECF No. 18 in *Alvarez Guerra v. Blanche*, Case No. 2:26-cv-00498-GMN-MDC, 8 U.S.C. § 1252(g) and (b)(9) do not strip this Court of jurisdiction over Petitioner's Amended Petition.

becomes "administratively final," (2) the date of the final order of any court that entered a stay of removal, or (3) the date on which the [noncitizen] is released from non-immigration detention or confinement. § 1231(a)(1)(B). During the removal period, detention is mandatory. § 1231(a)(2). Under § 1231, the removal period may be extended beyond 90 days for a variety of reasons including a determination by DHS that "removal is not practicable or proper." *Id.*

Because "[a] statute permitting indefinite detention . . . would raise a serious constitutional problem," the Supreme Court has "read an implicit limitation" into the statute and has held that a noncitizen may only be detained for "a period reasonably necessary" to effectuate their removal. *Zadvydas*, 533 U.S. at 689, 690. When a removable noncitizen is detained beyond this reasonable time and "removal is not reasonably foreseeable, the court should hold continued detention unreasonable." *Id.* at 699. The Supreme Court adopted a six-month period of presumptive reasonableness after the removal order is final and confirmed that "[a noncitizen] may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701. The Court further determined that "after this 6–month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701. If the Government fails to meet its burden, then the noncitizen must be released from detention. *See Jennings v. Rodriguez*, 583 U.S. 281, 299 (2018).

### 1. Length of Detention

Here, it is undisputed that Petitioner's order of removal became final on May 21, 1991. (*See* EOIR Automated Case Information at 2, ECF No. 10-1); (Fed. Resp'ts Resp. 2:23–24). Petitioner states, and Federal Respondents do not rebut, that after he was ordered removed, he remained in ICE custody for approximately seven years in the 1990s. (Am. Pet. 5:1–3). Thus, Petitioner was originally detained for approximately seven years and has now been re-detained

for over 90 days, *i.e.*, since January 5, 2026.  Courts interpreting *Zadvydas* have held that "the six-month period does not reset when the government detains [a noncitizen] under 8 U.S.C. § 1231(a), releases him from detention, and then re-detains him again." *Sied v. Nielsen*, No. 17-CV-06785-LB, 2018 WL 1876907, at *6 (N.D. Cal. Apr. 19, 2018) (collecting cases); *see also Siguenza v. Moniz*, No. 25-CV-11914-ADB, 2025 WL 2734704, at *3 (D. Mass. Sept. 25, 2025) ("Most courts to consider the issue have concluded that the *Zadvydas* period is cumulative, motivated, in part, by a concern that the federal government could otherwise detain noncitizens indefinitely by continuously releasing and re-detaining them.").  The Court adopts this principle here and finds that Petitioner's cumulative detention exceeds not only the 90-day removal period, but also the six month presumptively reasonable period articulated in *Zadvydas*.  Therefore, if Petitioner demonstrates that there is no significant likelihood of removal in the reasonably foreseeable future, and Respondents do not rebut that showing, the Court must order his release. *See Zadvydas*, 533 U.S. at 699–700.

### 2.  Significant of Likelihood of Removal

Petitioner demonstrates there is no significant likelihood of removal in the reasonably foreseeable future and Federal Respondents fail to respond with evidence sufficient to rebut that showing.  Petitioner contends that during his re-detention, ICE has not undertaken substantial steps to facilitate his removal to Vietnam. (Am. Pet. 5:19–21).  Petitioner further explains that even if Respondents were to take future steps to effectuate his removal, they are unlikely to lead to his removal because "Vietnam generally refuses to repatriate its citizens if they had left the country before 1995, and specifically refuses to repatriate [Petitioner]." (*Id.* 15:6–8).  Petitioner states that he has not received documents identifying a third country of removal, nor any plan for removal. (*Id.* 5:21–22).  Petitioner also contends that he has no connection to any country besides Vietnam. (*Id.* 15:8–9).  Petitioner's allegations that no specific plans have been made to deport him, and no third country designation has been made

demonstrates there is no significant likelihood of removal in the reasonably foreseeable future. Respondents' inability to effectuate removal in the over 35 years since an IJ issued a final order of removal further supports Petitioner's claim that removal is not significantly likely in the reasonably foreseeable future.

Respondents wholly fail to respond to Petitioner's arguments regarding the reasonable foreseeability of his removal. They therefore fail to rebut the showing that there is no significant likelihood of removal in the reasonably foreseeable future.

In sum, Petitioner demonstrates there is no significant likelihood of removal in the reasonably foreseeable future and Respondents fail to respond with any argument to rebut this showing. The Court therefore finds Petitioner's continuing detention violates the INA and the Due Process Clause of the Fifth Amendment and that he is eligible for relief under *Zadvydas*. Accordingly, grounds one and two are GRANTED.

**B.      Re-Detention (Ground 3)**

Respondents have the authority to detain noncitizens with final orders of removal to effect deportation. *See* 8 U.S.C. § 1231; *Zadvydas*, 533 U.S. at 697. But when a noncitizen has been released from immigration detention, the revocation of that release is governed by 8 C.F.R. § 241.13(i), which authorizes ICE to revoke a noncitizen's release for purposes of removal. DHS regulations permit revocation of release if the appropriate official: (1) determines that the noncitizen who has been released under an order of supervision violates any of the conditions of release, *id.* § 241.13(i)(1), or (2) finds "on account of changed circumstances" there is "a significant likelihood that the [noncitizen] may be removed in the reasonably foreseeable future," *id.* § 241.13(i)(2). The noncitizen must be notified of the reasons for their revocation and receive "an initial informal interview promptly," during which they will have "an opportunity to respond to the reasons for revocation stated in the notification" and submit evidence in support of their position. *Id.* § 241.13(i)(3).

Here, Petitioner asserts that there is no allegation that he violated a condition of release. (Am. Pet. 17:4–5).  Petitioner also contends that there are no changed circumstances that demonstrate a significant likelihood that he may be removed in the reasonably foreseeable future. (*Id.* 17:5–6).  He again reiterates that removal to Vietnam is impracticable and there is no indication that a third country has agreed to issue travel documents. (*Id.* 17:6–7).  Petitioner further explains that since being re-detained, he has not received a revocation interview or otherwise been able to contest the revocation of his order of supervision nor provide evidence relevant to re-detention. (*Id.* 17:15).  Respondents notably do not contest these allegations.  In fact, they wholly fail to respond to this ground for relief.

Government agencies are required to follow their own regulations. *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954).  Because there is no indication that an informal interview was provided to Petitioner, nor an opportunity for him to respond to the reasons for revocation, the Court finds Petitioner's re-detention is unlawful and he is entitled to release.  Thus, ground three is GRANTED.

**C.     Third Country Removal Policy (Ground 4)**

Petitioner contends that ICE's policy of removing noncitizens to a third country with no notice or opportunity to seek fear-based protection violates his due process rights and constitutes arbitrary and capricious agency action in violation of the APA. (Am. Pet. 18:12–15).  Respondents do not respond to this ground for relief.

As the Court has previously found in *Cavieres Gomez v. Mattos*, No. 2:25-cv-00975-GMN-BNW, 2025 WL 3101994 at *6–7 (D. Nev. Nov. 6, 2025), Petitioner has a due process right to receive meaningful notice and opportunity to present a fear-based claim to an immigration judge before DHS deports him to a third country.  "Immigration proceedings must provide the procedural due process protections guaranteed by the Fifth Amendment." *Vilchez v. Holder*, 682 F.3d 1195, 1199 (9th Cir. 2012) (citing *Lacsina Pangilinan v. Holder*, 568 F.3d

708, 709 (9th Cir. 2009)). "A 'noncitizen must be given sufficient notice of a country of deportation that, given his capacities and circumstances, he would have a reasonable opportunity to raise and pursue his claim for withholding of deportation.'" *Nguyen v. Scott*, 796 F. Supp. 3d 703, 727 (W.D. Wash. 2025) (quoting *Aden v. Nielsen*, 409 F. Supp. 3d 998, 1009 (W.D. Wash. 2019) (citing *Mathews v. Eldridge*, 424 U.S. 319, 349 (1976)). "[I]ndividuals whose rights are being determined are entitled to notice of the issues to be adjudicated, so that they will have the opportunity to prepare and present relevant arguments and evidence." *Andriasian v. I.N.S.*, 180 F.3d 1033, 1041 (9th Cir. 1999). "In the context of country of removal designations, last minute orders of removal to a country may violate due process if an immigrant was not provided an opportunity to address his fear of persecution in that country." *Najjar v. Lynch*, 630 F. App'x. 724, 725 (9th Cir. 2016) (non-precedential memorandum disposition). Thus, in accordance with the ample case law above, Petitioner has a due process right to receive meaningful notice and opportunity to present a fear-based claim to an immigration judge before DHS deports him to a third country.[6] Accordingly, this ground for relief is GRANTED.[7]

### D.    Requested Relief

First, Petitioner requests that he be released immediately under the conditions of his prior order of supervision. (Am. Pet. 20:17–18). The remedy for a *Zadvydas* claim is generally release of the habeas petitioner under conditions of supervision. *Zadvydas* explains that "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. at 699–700. It further provides that the noncitizen's "release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the [noncitizen] may no doubt be returned

---

[6] Because the Court finds that Petitioner puts forth a successful argument under the Fifth Amendment right to due process, it need not determine whether the stated policy violates the APA.

[7] Having granted Petitioner's request for relief, the Court need not reach ground five of the Amended Petition.

to custody upon a violation of those conditions." *Id.* at 700.  Moreover, when a court considers a due process claim, it may tailor relief to the specific problem that gives rise to the due process violation. *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972).  Because the Court holds that Petitioner's continued detention violates the Fifth Amendment and INA based on the analytical framework provided in *Zadvydas*, the Court finds that Petitioner's release, subject to his original terms of supervision, is warranted. *See Zadvydas*, 533 U.S. at 699–700.

Second, Petitioner requests that the Court prohibit Respondents from re-detaining Petitioner in the future absent proof of changed circumstances making his removal reasonably foreseeable.  For the reasons discussed above, the Court grants this requested relief.

Lastly, Petitioner requests that the Court prohibit Respondents from removing him to a third country without providing him and his counsel with adequate notice of intent to seek removal to a third country and due process in the form of an opportunity to seek to reopen Petitioner's immigration court proceedings to seek fear-based relief from removal. (Am. Pet. 20:22–26).  For the reasons discussed above, the Court grants this requested relief.

## IV.    CONCLUSION

**IT IS HEREBY ORDRED** that Petitioner's Amended Petition for Habeas Corpus Relief under 28 U.S.C. § 2241, (ECF No. 9), is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Temporary Restraining Order, (ECF No. 11), is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Petitioner must be released from detention within 48 hours[8] subject to the conditions of his prior order of supervision. *See* 8 U.S.C. § 1231(a)(3). Respondents must notify Petitioner's counsel of the date and time of release in advance of Petitioner's release.

---

[8] The Court allows 48 hours to release Petitioner so that arrangements may be made for a safe and orderly daytime release.

**IT IS FURTHER ORDERED** that the parties must file a Joint Status Report on the docket no later than April 13, 2026, to certify compliance with the Court's Order.

**IT IS FURTHER ORDERED** that Respondents are enjoined from re-detaining Petitioner in the future absent proof of changed circumstances making his removal reasonably foreseeable.

**IT IS FURTHER ORDERED** that Respondents are enjoined from removing Petitioner to a third country without providing Petitioner with adequate notice of intent to seek removal to a third country and due process in the form of an opportunity to seek to reopen Petitioner's immigration court proceedings to seek fear-based relief from removal.

**IT IS FURTHER ORDERED** that pursuant to Federal Rule of Civil Procedure 25(d), Acting U.S. Attorney General Todd Blanche is substituted for the currently named Pamela Bondi, and Secretary of Homeland Security Markwayne Mullin is substituted or currently named Kristi Noem.  The Clerk of Court is kindly directed to update the docket to reflect these substitutions.  The Clerk of Court is also kindly directed to update the docket to include Kerri Ann Quihuis as a Defendant.

Counsel for Respondents are directed to immediately provide notice of this Order to the parties they represent.  The Clerk of Court is kindly directed to send a copy of this Order to the Warden of Nevada Southern Detention Center in Pahrump, Nevada.

**DATED** this ___8___ day of April, 2026.

_____

Gloria M. Navarro, District Judge
United States District Court